## Southeastern School District v. Abremski
## (No. 1)

*Frank B. Boyle*, for School District.

*Edward B. Golla,* and *Tive, Hetrick & Pierce*, for appellants.

ERB, *J.*, March 22, 1979—This matter is before the court in a very limited scope. We are not hearing argument of counsel to determine the ultimate disposition of the appeal taken by the two students from their expulsion by the Southeastern School District. The very narrow scope of our determination here is whether or not the supersedeas shall be granted to the students prior to the actual argument and determination by this court of the appeal. Neither the school code nor the regulations of the State Board of Education refer to the availability of a supersedeas in the event of an appeal from actions of the school board disciplining students. The regulation with which we have become familiar on the outset of this case, section 12.8(e), provides simply that "[w]here the student is dissatisfied with the results of the hearing, recourse can be had to the appropriate state court. If it is alleged that a

constitutional issue is involved, the student may file a claim for relief in the appropriate federal district court." 22 Pa. Code §12.8(e).

The students in this case have taken an appeal which is provided for in the School Code of the Commonwealth of Pennsylvania, which also, as I have indicated, says nothing with regard to a supersedeas being granted in the interim. By reason of the fact, however, that this does involve students and the education of students, rather than passing on the motion for a supersedeas ex parte, we directed that the parties appear in court and advance their reasons for the supersedeas.

We have, in this case, conflicting interests which must be resolved with regard to our determination of this matter. First, we have the educational process of the students, who have been expelled for a period of time and who indicate that without attendance in classrooms, this disruption may lead to a loss of education which is irreplaceable.

On the other hand, we have the school district, which has the responsibility of providing education for the citizens within its jurisdiction. Part of the responsibility of providing such education is to see to it that disruptions in the educational process for all students are kept to a minimum. In addition, the education process must include the enlightenment of the students that there are certain rules and regulations that must be followed and that failure to follow rules and regulations which are adopted by the authority will lead to a result which has been indicated by the law. In this area, then, there is a fine line which separates the authority of the school board and the responsibility of the court to interfere with decisions made by them with regard to the

educational processes, which is their ultimate responsibility. It is obvious to this court that continual interference by the court with the action taken by school boards in the discipline of students can only lead to the ultimate disintegration of discipline in the public schools. Since it is the educational system that provides the nurturing of our society, disintegration of discipline in the public schools results in the disintegration of discipline within the society.

We take into consideration, then, these two conflicting rights: the right of the school board to maintain rules and regulations and to invoke discipline for failure to abide by those rules and regulations on one hand, and the individual right of the student to an education on the other, in coming to our decision in this case. We start out with the fact that this action of the school board took place some time ago. Also, if Mr. Boyle's statement is correct, a determination will be made on March 28 as to the return of these students to school with that return probably scheduled for March 31. The date for argument on this case before the court is April 2 and I would presume that since it has been placed on the argument list, it will be argued at that time and the court may make a swift determination as to the appeal.

Taking into consideration, therefore, that the probable return of these students to school will occur within a relatively few days, that a legal determination will be made reasonably soon concerning their expulsion, and that in the event a determination is made that the school board was improper in its expulsion of the students, the school board then would have the responsibility of providing such additional tutoring as is necessary to bring the students back to the place where they had been prior to their expulsion, we conclude that the issue

of a supersedeas is not a viable remedy at this time. When we consider the disruption, again, by the court, of a determination by the school board, and the ultimate harm that that may bring with regard to discipline in the schools, that conclusion is further fortified.

Under those circumstances, then, we enter the following

## ORDER

And now, March 22, 1979, the petition requesting that the appeal taken from the action of Southeastern School District in the expulsion of Stanley Abremski, Jr. and Christopher Abremski is refused and denied with an exception granted to defendant.